IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                   Civ. No. 18-924

2003 HUMMER H2 SUV
VIN: 5GRGN23UX3H104039,

    *Defendant-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (6).

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    a. 2003 Hummer H2 SUV VIN: 5GRGN23UX3H104039, (hereafter referred to as "Defendant Conveyance").

3. The Defendant Conveyance was seized by the Drug Enforcement Administration on April 25, 2018, in the District of New Mexico.

4. The Defendant Conveyance is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Conveyance will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. From approximately April 2017 through April 2018 Agents conducted surveillance of Jose Ignacio Caro and co-conspirators in a Drug Trafficking Organization (DTO). On several surveillance operations during that time period Drug Enforcement Administration (DEA) Agents observed Jose Ignacio Caro utilizing the Defendant Conveyance to conduct drug related activity. During the course of the investigation, Caro would provide cocaine that would be sold to a DEA Undercover Agent (UC).

8. On April 18, 2018, Jose Ignacio Caro was indicted by a federal grand jury on multi-count charging him and others for drug-related and money laundering offenses.

9. On April 25, 2018, DEA agents, United States Marshals (USMS), and Federal Bureau of Investigations (FBI) agents executed the federal arrest warrant for CARO at 2210 Bex St, Apt #3 in Las Cruces, New Mexico.

10. After Jose Caro's arrest on September 26, 2017, for violation of probation, he parked the Defendant Conveyance at his mother's, Maria I. Caro, residence located at 425 East Plaza Drive, Mesquite, New Mexico. Maria Caro is the registered owner of the Defendant Conveyance.

11. At this time, Jose Ignacio Caro resided at 2110 Bex Street, Apartment #3, Las Cruces, New Mexico, where he continued his drug trafficking activities. Agents conducted multiple spot checks

and saw that the Defendant Conveyance remained parked in the same spot at Maria I. Caro's residence. Throughout the year-long investigation, agents never observed Maria I. Caro driving the Defendant Conveyance.

12. During the investigation, Agents spoke with Jose Ignacio Caro's wife, Azulema Peralta, who advised that Jose Ignacio Caro put the Defendant Conveyance in his mother's name. Caro did not want to be responsible if the vehicle was seized by law enforcement. Peralta advised that the Defendant Conveyance was purchased with a large sum of illegal drug proceeds.

13. During a post-arrest interview, Jose Ignacio Caro confirmed that he does not put any property in his name because he does not want to have a relationship to the property, if it is seized.

14. After his arrest on April 25, 2018, agents obtained recorded jail phone calls for Jose Ignacio Caro and his mother Maria I. Caro, at the Doña Ana County Detention Center. During one call referring to the agents' seizure of the Defendant Conveyance, Maria I. Caro said to Jose Ignacio Caro, "Well it's (Defendant Conveyance) been parked at my house for how long?" Also during the recorded jail call, Maria I. Caro asked Jose Ignacio Caro if agents arrested Jose Ignacio Caro's wife. Jose Ignacio Caro told his mother that agents did not. Maria I. Caro then stated to Jose Ignacio Caro, "They should because she helped you." This statement indicates knowledge of Jose Ignacio Caro's drug trafficking activity, negating an innocent owner claim for the Defendant Conveyance.

15. The Defendant Conveyance (Exhibit N-91) was seized for facilitation/proceeds from 425 East Plaza Drive, Mesquite, New Mexico and transported to the DEA Las Cruces Resident Office on April 25, 2018.

16. Jose Ignacio Caro' criminal history includes the following: a felony conviction for Trafficking a controlled substance (multiple); Battery of a household member; Criminal damage to property; Resisting, evading, or obstructing an Officer (multiple); Trafficking methamphetamine;

Aggravated fleeing a Law Enforcement Officer; Trafficking narcotics; Trafficking a controlled substance within a school zone; and Possession of cocaine.

17. Jose Ignacio Caro has no legitimate employment.

### FIRST CLAIM FOR RELIEF

18. The United States incorporates by reference the allegations in paragraphs 1 through 15 as though fully set forth.

19. Title 21, United States Code, Section 881(a)(4) subjects to forfeiture "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property in violation of this subchapter."

20. Defendant Conveyance was used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of illegal controlled substance and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).

### SECOND CLAIM FOR RELIEF

21. The United States incorporates by reference the allegations in paragraphs 1 through 15 as though fully set forth.

22. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

23. Defendant Conveyance was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to

4

be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE: Plaintiff seeks arrest of Defendant Conveyance and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Conveyance, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Sarah M. Davenport*
SARAH M. DAVENPORT
Assistant United States Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 10-01-18

Joseph Montoya, Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
2003 Hummer H2 SUV

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [X] 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 400 State Reapportionment |
| 130 Miller Act | 315 Airplane Product Liability | | | 410 Antitrust |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 450 Commerce |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 460 Deportation |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities Exchange |
| 195 Contract Product Liability | / 380 Other Personal Property Damage | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | / 385 Property Damage | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | 462 Naturalization Application | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education / 550 Civil Rights | | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
21 §§ 881(a)(4) and 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  Robert C. Brack   DOCKET NUMBER  CR18-1251 RB

DATE
10/2/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____